Haight, J.
—This action was brought in justice court to recover for wages-claimed to be due and owing from the defendant to the plaintiff. The defense was that the employment was for a fixed term, and that the plaintiff left the employment before his term had expired without cause; and that the defendant suffered fifty dollars damages by reason thereof, for which he demanded a judgment against the plaintiff. The verdict was for no cause of action, and from the judgment entered thereon an appeal was taken to the county court, in which court the judgment was reversed.
The evidence shows that the plaintiff entered the employment of the defendant as a clerk in the defendant’s hotel on the 16th day of November, 1885, at a salary of twenty dollars per month, and that on the 18th day of December thereafter he quit work, giving as his only reason therefor that he did not like-it. The evidence of the plaintiff is to the effect that there was no term fixed for which he should serve the defendant, whilst on the part of the defendant the evidence is to the effect that the plaintiff was to work until the 1st day of April; that the defendant intended to be away part of the winter after the plaintiff had become familiar with the business so that he could take charge of the hotel; and that that was stated to him at the time of the employment and the term agreed upon. The evidence of the defendant is supported by the testimony of other Witnesses as to the declarations of the plaintiff made to-them in reference to his employment. The verdict of the jury must, therefore,, upon this branch of the case, be deemed conclusive. The defendant also gave evidence under the objection of the plaintiff, tending to show special damages. We shall assume that this evidence was improper and should have been excluded; but the verdict, as we have seen, was for no cause of action. Could this evidence, therefore, have affected the merits so as to render a reversal necessary under section 8063 of the Code of Civil Procedure? The question, of the defendant’s damages could only be considered in the event that the jury should first find that the plaintiff had committed a breach of his contract. It had no bearing upon the question as to whether the contract was for a definite and fixed term. The right of the plaintiff to recover depended upon the determination of this question, and in case he was entitled to recover, the defendant was not entitled to any damages, for the reason that there would be no-breach of contract on the part of the plaintiff. The jury has found that the plaintiff was not entitled to recover, and in so finding has determined that the-plaintiff was guilty of a breach of the contract; but the jury has not awarded the defendant any damages. Consequently it appears to us that the evidence upon the question of special damages did not affect the merits or do the plaintiff harm.
The judgment of the county court should, therefore, be reversed, and that of the justice court affirmed.
So ordered.
Pabkeb, P. J., concurs; Bbadley, J., not sitting; Dwight, J., not voting.